Graham v. Whitely.

ARCHIBALD GRAHAM vs. HENRY WHITELY AND JAMES ANGUS.

1. Interrogatories annexed to a commission to take testimony must be signed by the parties or their counsel.

2. Where a will is admitted to probate, and recorded in another state, an exemplified copy of the record, according to the act of congress of March 27th, 1804, is incompetent evidence to prove title for a person claiming lands under the will in this state.

3. To prove title under a will admitted to probate in another state, the party must produce and prove the original will on the trial; or if it be lost, the fact of its loss must be established, and secondary proof·given of its contents, or he must resort to the proof prescribed by the statute, viz., probate according to the laws of this state before the proper officer.

4. It is a well-settled rule that, unless the error complained of did occasion, or might by possibility have occasioned some prejudice to the rights of the defendant, it constitutes no ground for reversal.

5. It seems that the 56th section of the practice act of 1855 (*Nix. Dig.* 642) excludes all evidence of title not contained in the bill of particulars, and if the bill of particulars specifies that the party claims title by devise, he cannot claim by descent.

6. But if the bill of particulars merely specifies the *documentary evidence* upon which the party intends to rely, including the will of W. B., the party is not thereby restricted to a claim of title by devise, nor prevented from establishing by parol a title from W. B. by descent.

7. The acknowledgment of a deed or conveyance of lands lying in this state can be taken in another state only when the grantor whose acknowledgment is taken resides in such state.

8. If the residence of the grantor appears either upon the face of the deed or in the certificate of acknowledgment, it is sufficient *prima facie* evidence of the jurisdiction of the officer taking the acknowledgment. If it do not so appear, the residence of the grantor may be proved by evidence *aliunde*.

Error to the Passaic Circuit Court.

Henry Whitely and James Angus brought an action of ejectment, in the Passaic Circuit Court, against Archibald Graham, to recover the possession of a tract of land in the city of Paterson.

The case was tried at the Passaic Circuit, before a jury, at April Term, 1856.

Among other documentary evidence offered and relied upon on the trial, was a quit-claim deed, dated the 20th day of January, A. D. 1854, from Isabella Henderson Banks, widow and sole acting executrix of the last will of William Banks, deceased, Robert L. Banks, James L. Banks, Charlotte L. Banks, and Maria Banks, to said Henry Whitely and James Angus.

This deed was acknowledged before a commissioner of New Jersey, appointed for and resident in the State of New York. It did not appear on the face of the deed, or otherwise, that the grantors resided in the State of New York. The defendants' counsel objected to the admission of this deed in evidence, because it was not shown that the grantors resided in the State of New York,

and therefore the deed did not appear to be properly acknowledged. The court overruled the objection; the deed was admitted in evidence, and the defendant excepted.

The plaintiff also offered in evidence a copy of the last will of William Banks, deceased. The will had been proved and admitted to probate in the city of New York, and the copy offered in evidence was an exemplified copy from the record in the surrogate's office in said city, certified under the act of congress of March 27th, 1804. The defendants' counsel objected to the reception of this exemplified copy in evidence—

1st. Because the same was a copy of a record, and not of an original will.

2d. Because there was not evidence of due diligence and effort to procure the original.

3d. Because, on a trial of title to real estate in New Jersey, a will is incompetent, unless admitted to probate and recorded in this state.

The court overruled the objection, and the defendant excepted.

The plaintiffs also offered in evidence a commission issued in this case out of the said Circuit Court in behalf of the plaintiffs, with interrogatories annexed, directed to and executed by Aaron Ogden, in the city of New York.

The defendants' counsel objected to the reception in evidence of this commission and interrogatories and answers, because the interrogatories were not signed by the parties or their counsel. The court overruled the objection, and permitted the same to be read to the jury, to which decision the defendant excepted.

The court, among other things, charged the jury that the admission of the copy of the will of William Banks made no difference in the legal aspect of the case, because, if it had been excluded, the plaintiffs would recover as assignees of the widow and heirs-at-law.

The jury rendered a verdict in favor of the plaintiffs, and final judgment was entered thereon.

Graham v. Whitely.

On the points excepted to, as above stated, the defendant prayed a bill of exceptions, which was allowed and sealed. The defendant brought a writ of error, removing the cause into this court, and assigned errors on the bill of exceptions.

Argued at February Term, 1857, before the CHIEF JUSTICE, and Justices OGDEN, POTTS and VREDENBURGH.

*D. Barkalow*, for the plaintiff in error.

*A. S. Pennington*, for defendants.

The opinion of the court was delivered by

The CHIEF JUSTICE. The first error relied upon is, that testimony taken under a commission was admitted in evidence on the trial, though objected to on the ground that the interrogatories were neither signed by the party or counsel. The statute authorizing commissions and the taking of depositions (*Nix. Dig.* 884, § 1,) requires that the interrogatories for the examination of the witness shall be signed by the parties, or their counsel in the cause, or such of them as shall request the said commission. It has been uniformly held that the statutes of this state authorizing testimony to be taken before commissioners, to be used upon the trial of a cause, were in derogation of the common law, and must be strictly pursued. *Middleton* v. *Taylor, Coxe* 445; *Arnold* v. *Renshaw*, 6 *Halst.* 317.

In *Ludlam* v. *Broderick*, 3 *Green* 270, it was held that if the interrogatories were signed by the attorney of the plaintiff, at whose request the commission was issued, the requirement of the statute was satisfied. In the present case, it is admitted that the interrogatories were signed by neither of the parties, their counsel or attorneys. The court cannot disregard the plain requirement of the statute. In the language of the court in Ludlam *v*. Broderick,

"so far as the legislature has thrown guards and restrictions around the proceeding, we must observe them, and neither break down the one nor overleap the other." The evidence was incompetent.

The second error assigned is, that the court, upon the trial, admitted in evidence, as a link in the plaintiff's chain of title, a copy of the will of William Banks, deceased, late of the city of New York. The will had been admitted to probate, and recorded in the surrogate's office of the city of New York. The copy offered in evidence was an exemplification of the record in the surrogate's office, made in conformity to the act of congress of March 27th, 1804. It was also proved, by parol evidence, to be an exact copy of the record. The admissibility of the evidence is in nowise affected by the parol proof of its being a copy of the record. The foreign record itself would not have been evidence, and a sworn copy was equally incompetent. Nor can the question be at all affected by the sufficiency or insufficiency of the proof touching the loss of the original will. That would have been a material question, if a copy of the original instrument had been offered, instead of the original will itself. But the question here turns exclusively upon the competency of the exemplification under the act of congress as an instrument of title. It is admitted that the exemplification was admissible in evidence to the extent indicated in the act of congress, viz., that it must have such faith and credit given to it, as it has by law or usage in the courts or offices of the State of New York. But the question still remains, conceding to the exemplification such faith and credit, was it competent evidence to pass title to real estate in New Jersey? That must depend upon the laws of this state.

By the act of 1713–14, (*Nix. Dig.* 879, § 2,) it is enacted that all wills executed as therein specified, and *regularly proved and entered upon the books of records or registered in the secretary's office of this province, or any other proper office for that purpose,* shall be sufficient to devise real estate within

Graham v. Whitely.

this province; and the books in which they are registered may be given in evidence, and shall be sufficient evidence at all times and places where the said wills shall be requisite to be given in evidence. Now the will operates as a statutory conveyance; and if the original be produced and proved on the trial, it will, like any other original deed, be evidence of alienation. If the original be not so produced and proved, the party must either establish the fact of its loss, and resort to secondary proof of its contents, according to the rules of the common law, or he must resort to the proof prescribed by the statute, viz., probate according to the laws of this state before the proper officer, and the book of records of such office. Admitting, then, that the will was proved in a foreign state, to have been duly executed, as required by the laws of this state to pass real estate, still the act of congress does not reach the difficulty. It does not purport (even if it had the power so to do) to make the exemplification of a foreign record evidence of title to lands in this state.

This is done in express terms by the 4th section of the act of 1713–14, which declares that the copy of any will, made in any of her majesty's colonies, by which any real estate within this colony is devised, being proved according to the custom of such colony, certified under the great seal of such colony, may be given, and shall be received in evidence in any of the courts of judicature within this province, *and be esteemed as valid and sufficient, as if the original will or testament were then and there produced and proved.*

That act is still in force, and no reason is perceived why the copy of the will in this case should not have been certified according to its provisions. The word *colony* is to be taken as *state,* where the copy is certified in any of the United States. 4 *Griffith's Am. Law Reg.* 1241, § 72.

The act of 1846, relative to the probate of wills in this state, which have been admitted to probate in other states, contains a similar provision in regard to their efficacy as

instruments of 'evidence. By the third section of that act (*Nix. Dig.* 878,) it is enacted that the record of such wills, and duly certified copies thereof, shall be evidence in the same manner, and shall have the same force and effect, in all courts of law and equity, as such records, or copies thereof, would have *if such wills had been proved in the usual manner under the existing laws of this state.*

It is manifest that, in the view of the framers of that enactment, it required legislative sanction to give to the record of a will, originally proved in a foreign state, though admitted to probate and recorded in this state upon the faith of such foreign probate, the efficacy, as an instrument of evidence, which it would have possessed if the will had been originally proved under the laws of this state. This view of the law has not only the sanction of legislative construction, but is supported by authority. 4 *Griffith's Am. Law Reg.* 1241, *note* 1; *Wallace* v. *Wallace*, 2 *Green's Ch. Rep.* 616.

The exemplification of the record of the will produced at the trial was therefore incompetent evidence as a muniment of title to the real estate in controversy. But it is objected, and we think truly, that the existence of the error constitutes no ground for reversal. It is a well-settled rule, that unless the error complained of did occasion, or might by possibility have occasioned, some prejudice to the rights of the defendant, it constitutes no ground for reversal.

The deed under which the plaintiffs below claimed title was executed by the widow and by all the children and heirs-at-law of William Banks, the testator, who died seized of the premises. Now it is perfectly clear, if the person last seized made no devise of the premises, the title vested by inheritance in his children, subject to the widow's rights of dower, and the widow and children were competent to convey title to the plaintiffs. It seemed to be supposed by counsel, upon the argument, and this was made the basis of the objection, that though the will

was not competent as a link of the plaintiff's title, yet having been offered by the plaintiffs, and being competent in itself as evidence, it was sufficient to show that the widow and children of William Banks could not take by descent. But the will was totally inadmissible as evidence of title; it could establish no devise of the land, and was no more competent to show title out of the plaintiffs than to establish their title.

It is further objected that it was incompetent for the plaintiffs to show title in their grantors by descent, because in the abstract of title furnished, upon the demand of the defendant, under the statute (*Nix. Dig.* 642, § 56,) the plaintiff did not claim by descent, but specified the will of William Banks as one of his documentary evidences of title. The language of the act is very broad; it requires the party, on demand, to furnish a bill of particulars of his claim or title, which shall include an abstract of such documentary evidences of title as the party may intend to give in evidence on the trial, and requires that in all cases the evidence of title shall be confined to the matters contained in the bill of particulars. The act, by its terms, would seem to exclude all evidences of title not contained in the bill of particulars; and if the bill of particulars had specified that the party claimed by devise, it would seem that the act would prevent his showing title by descent. But the notice served on the defendant is peculiar. It reads thus: "Take notice, that the plaintiffs intend to use the following documentary evidence of title in the trial of said cause." It then furnishes an abstract of the several deeds under which the plaintiffs claim, among others, the deed to William Banks, and the deed from the widow and children of Banks to the plaintiffs; and adds, that the plaintiffs will also give in evidence an exemplified copy of the last will and testament of William Banks. The bill of particulars does not state whether the plaintiffs intend to claim by devise or descent; it simply specifies the documentary evidence on which they intend to

rely.   They offered, on the trial, no deed or document not specified in their notice, and there was nothing in the terms of the notice which necessarily restricted them to a claim of title by devise.

The third and last error relied on is, that the court, upon the trial, improperly admitted in evidence a deed to the plaintiffs, without due proof of its execution.   The deed was acknowledged in New York, before a commissioner of this state appointed for the State of New York; but it did not appear, upon the face of the deed or otherwise, that the grantors in said deed, at the time of the acknowledgment, resided in the State of New York.   It is clear, from the provisions of our law, that the acknowledgment of a deed or conveyance of lands lying in this state, can be taken in another state only when the grantor whose acknowledgment is taken resides in such state.    *Nix. Dig.* 122, §§ 5, 6; 131, § 52.   It is insisted, however, that the presumption of law is, that the officer acted correctly and within the scope of his authority.   This principle undoubtedly prevails, as applied to judicial proceedings, in courts of general jurisdiction; but the maxim, " *omnia præsumentur rite esse acta* " does not apply so as to give jurisdiction to magistrates and to persons exercising a special, limited, or mere statutory authority.   *Rex* v. *Liverpool,* 4 *Burr.* 2244; *The King* v. *All Saints,* 7 *Barn. & C.* 785; 1 *Phillips & Amos on Ev.* 471; *Turner* v. *The Bank of North America,* 4 *Dallas* 8; *The State* v. *Scott,* 4 *Halst.* 17; *Snediker* v. *Quick,* 1 *Green* 306.

Regularly the residence of the parties appears on the face of the deed.   It always should so appear.   And when the residence is thus stated on the face of the deed itself, or appears in the certificate of acknowledgment, it is sufficient *prima facie* evidence of the jurisdiction of the officer.   But if there be no such statement, either upon the face of the deed or of the acknowledgment, the fact should be proved by evidence *aliunde.*   There was sufficient evidence by parol upon the trial to show that the

residence of two of the grantors was in the city of New York, and to render the deed admissible in evidence and competent, so far as their interest in the land conveyed was concerned; but this did not render it competent as to the other grantors.

The judgment should be reversed, and a *venire de novo* awarded.

CITED *in Freeman* v. *Headley*, 4 *Vr.* 541.